UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ELSA CARDALDA-SÁNCHEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>UNIVERSIDAD CARLOS ALBIZU,<br><br>    Defendant. | Civil No. 08-1819 (JAF) |

**O R D E R**

Plaintiff Elsa Cardalda-Sánchez brings this action against Defendant Universidad Carlos Albizu alleging, among various federal employment-discrimination claims, termination without just cause in violation of Puerto Rico Law, 29 L.P.R.A. §§ 185a-185m (2006) ("Law 80"). (Docket No. 1.) Both parties have filed pending summary judgment motions. (Docket Nos. 49; 53.) Plaintiff filed a motion in limine, claiming that an affirmative defense was insufficiently pleaded and that all evidence in the record supporting that defense should be struck. (Docket No. 59.) We denied that motion without prejudice (Docket No. 65), and Plaintiff, in anticipation of trial, renews her motion in limine (Docket No. 95).

Plaintiff argues that Defendant did not answer with sufficient specificity the complaint's claims of Law 80 violations. (Docket No. 95.) Thus, Plaintiff concludes, Defendant has waived any defenses under Law 80 and we must strike from the record "all statements and

documents offered by the Defendant in support of any justification to terminate and/or not to renew Plaintiff's contract." (Id. at 21.)

The provisions of Law 80 protect at-will employees from terminations that do not fall under the statute's definition of "just cause" enumerated in 29 L.P.R.A. § 185b. Law 80 stipulates that an employer is "bound to plead in his answer to the complaint the facts that led to the dismissal, and to prove that it was justified in order to be exempted from compliance with . . . this title." 29 L.P.R.A. § 185k. The Supreme Court of Puerto Rico has interpreted § 185k as establishing that the assertion of just cause for termination is an affirmative defense. See Secretario del Trabajo v. J.C. Penney Co., 19 P.R. Offic. Trans. 702, 711 (1987). Plaintiff argues that Defendant's answer to the amended complaint did not meet the requirements of § 185k and that, therefore, Defendant has waived any defense claiming just cause for Plaintiff's termination.

We first note that it is unclear whether trial courts in the First Circuit must look to state law to determine whether a defense that is not enumerated in Federal Rule of Civil Procedure 8(c) will be treated as an affirmative defense. See Jones & Jones v. Pineda & Pineda, 22 F.3d 391, 400 (1st Cir. 1994) (declining to decide whether "we should look to state law in determining if failure to mitigate damages is an affirmative defense under Fed. R. Civ. P. 8(c)"). Assuming, arguendo, that we treat a defense of just termination under Law 80 as an affirmative defense that is waived if not properly

Civil No. 08-1819 (JAF)                                              -3-

pleaded, we must next determine whether we apply the heightened pleading standard of § 185k or our more liberal federal Rule 8(c).

In conflicts between a Federal Rule of Civil Procedure and an inconsistent state rule or statute, the federal rule will generally control "notwithstanding that an inconsistent state rule would, if applied, have resulted in a different outcome." Morel v. Daimler Chrysler, AG, 565 F.3d 20, 24 (1st Cir. 2009) (citing Hanna v. Plumer, 380 U.S. 460, 463-64 (1965)). The First Circuit has explicitly upheld the primacy of Rule 8, declaring, "state pleading requirements, so far as they are concerned with the degree of detail to be alleged, are irrelevant in federal court even as to claims arising under state law." Andresen v. Diorio, 349 F.3d 8, 17 (1st Cir. 2003) (internal citations omitted).

The Law 80 requirement that a defendant plead in his answer the facts that led to the dismissal and also "prove that [the dismissal] was justified" places a greater burden on a defendant than Rule 8(b). The federal rule requires only that a defense be stated in "short and plain terms." Fed. R. Civ. P. 8(b). In accordance with Andresen, we will not impose upon Defendant the higher pleading standard of § 185k.

We now turn to whether Defendant sufficiently pleaded an affirmative defense under Rule 8. The First Circuit has previously held that even general, non-specific language in an answer can support an affirmative defense so long as the core purpose of Rule

8(c) – "to act as a safeguard against surprise and unfair prejudice" – has been fulfilled. Williams v. Ashland Eng'g Co., 45 F.3d 588 (1st Cir. 1995), abrogated on other grounds by Carpenters Local Union No. 26 v. U.S. Fid. & Guar. Co., 215 F.3d 136 (1st Cir. 2000).

Section 185a specifies that Law 80 does not apply to fixed-term contract employees unless there was an "expectation of continuity in employment" created by the practice and circumstances involved or suggested by other parol evidence of the contract terms. 29 L.P.R.A. § 185a. In addition, § 185b establishes as "just cause" both "a pattern of improper or disorderly conduct" and an "attitude of the employee of not performing his work in an efficient manner, or of doing it belatedly and negligently or in violation of the standards of quality." Id. § 185b. Defendant pleads in its answer that Plaintiff was an employee whose contract had expired, and that this contract created no expectation of renewal. (Docket No. 41 at 8, ¶ 10.) Furthermore, Defendant pleads that "Plaintiff refused being evaluated by her supervisor . . . . [A]fter the evaluation of a professor, he may be considered for a new contract." (Id. at 5, ¶ 50.)

We find that Defendant's arguments were sufficient to assert an affirmative defense to Plaintiff's claim of termination without just cause. Defendant has pleaded that the terms of Law 80 do not apply to Plaintiff or, in the alternative, that Plaintiff was terminated with just cause after her refusal to be evaluated by her supervisor.

Civil No. 08-1819 (JAF)                                                    -5-

Although Defendant did not enter into the level of detail that would have been required by § 185k, it was not so vague or general as to result in any surprise or prejudice to the Plaintiff.

For the reasons stated above, we hereby **DENY with prejudice** Plaintiff's second motion in limine (Docket No. 95).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 12th day of November, 2009.

                                                s/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                Chief U.S. District Judge